CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

9/30/2022

LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

ROBERT C., JR.,[1]

                                *Plaintiff*,

v.

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

                                *Defendant*.

CASE NO. 6:21-cv-00009

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

     This matter is before the Court on Defendant's motion for summary judgment, Dkt. 26, the Report and Recommendation of United States Magistrate Judge Robert S. Ballou, Dkt. 27 ("R&R"), and Plaintiff's objections to the R&R, Dkt. 28. Pursuant to Standing Order 2011-17 and 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to Judge Ballou for proposed findings of fact and a recommended disposition. Judge Ballou's R&R advises this Court to grant the Commissioner's motion for summary judgment. Plaintiff filed timely objections, obligating the Court to undertake a *de novo* review of those portions of the R&R to which objections were made. *See* 28 U.S.C. § 636(b)(1)(B); *Farmer v. McBride*, 177 F. App'x 327, 330 (4th Cir. 2006). Because Plaintiff's objections lack merit, the Court will adopt the R&R in full.

## I.     Standard of Review

     When examining a Social Security Administration ("SSA") disability determination, the

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts refer to claimants only by their first names and last initials.

1

reviewing court must uphold factual findings of the Administrative Law Judge ("ALJ") if they are supported by substantial evidence and were reached under application of the correct legal standard. *See* 42 U.S.C. § 405(g), 1383(c)(3); *Bird v. Comm'r*, 699 F.3d 337, 340 (4th Cir. 2012).

Substantial evidence is more than a mere scintilla—but less than a preponderance—of the evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Where "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the ALJ's decision. *Id.* Moreover, the reviewing court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig*, 76 F.3d at 589. "Ultimately, it is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

## II. Applicable Law

The Social Security Act (the "Act") provides supplementary security income (or "SSI") benefits "to financially needy individuals who are aged, blind, or disabled regardless of their insured status." *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019) (citation omitted). The Act defines a person as "disabled" if they are "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also* 20 C.F.R. § 416.905(a).

To determine whether a claimant is disabled and thus entitled to SSI, ALJs must use the five-step sequential evaluation process set forth in Social Security Administration regulations. *Thomas v. Berryhill*, 916 F.3d 307, 310 (4th Cir. 2019); 20 C.F.R. § 416.920(a)(1). In summary,

> The ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work.

*Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015).

The claimant has the burden of proof on each of steps 1 through 4, and the Commissioner has the burden at step 5. *Arakas v. Comm'r of Soc. Sec. Admin.*, 983 F.3d 83, 90 (4th Cir. 2020). If the claimant does not meet her burden at any step, he is determined not to be disabled. *Lewis v. Berryhill*, 858 F.3d 858, 861 (4th Cir. 2017).

### III. Factual Background and Procedural Posture

Plaintiff does not object to the R&R's recitation of the factual background and claim history in this case. Therefore, the Court incorporates that portion of the R&R into this opinion. *See* R&R at 2–4. In September 2017, Plaintiff applied for Supplemental Security Income ("SSI") and disability insurance benefits ("DIB") under the Act, claiming that his disability began on April 1, 2017. 42 U.S.C. §§ 401–433, 1381–1383f; R. 247–54. He claimed that his disability began "due to severe coronary artery disease, chronic systolic heart failure with low ejection faction, cardiomyopathy, morbid obesity, hypertension, panic attacks, and hyperlipidemia." R&R at 2 (citing R. 246). At the initial and reconsideration levels of administrative review, the state agency denied Plaintiff's application. R. 91–104, 105–18, 123–35, 137–50. On April 3, 2019, the Administrative Law Judge ("ALJ") held a hearing to adjudicate Plaintiff's claims for DIB and SSI.

3

R. 60–90. At the hearing, counsel represented Plaintiff. In making her decision, the ALJ worked through the familiar five-step inquiry to determine if Plaintiff was disabled and denied his claim for benefits. R. 16–25.

The ALJ found that Plaintiff was insured at the time of the alleged disability onset and suffered from the following severe impairments: coronary artery disease, ischemic heart disease, hypertension, hyperlipidemia, obesity, obstructive sleep apnea, and type 2 diabetes mellitus. R. 19. The ALJ decided that these impairments did not meet or medically equal a listed impairment, either individually or in combination. R. 20.

The ALJ concluded that Plaintiff was not disabled, R. 25, as he retained the residual functional capacity ("RFC") to perform light work, although he "can no more than frequently climb ramps or stairs," "can no more than occasionally climb ladders, ropes or scaffolds or crawl," and "should have no more than frequent exposure to workplace hazards, pulmonary irritants, extreme heat, or extreme cold." R. 20. The ALJ found that, though Plaintiff cannot perform his "past relevant work as a plumber," R. 24, "there are jobs that exist in significant numbers in the national economy that [he] can perform." *Id.* Plaintiff appealed the ALJ's decision, and on June 8, 2020, the Appeals Council denied his request for review. R. 5–8.

Plaintiff now objects to the R&R, arguing that Judge Ballou erred in finding that the ALJ's evaluation of treating source Ken Swanson, FNP's opinion was free of legal error, and thus supported by substantial evidence. Dkt. 28 ("Objections") at 1. Accordingly, Plaintiff argues that this finding should be rejected and the matter should be remanded for further proceedings. *Id.* at 4.

## IV. Analysis

### A. The ALJ's Evaluation of FNP Ken Swanson's Opinion Was Free of Legal Error and Supported by Substantial Evidence

Plaintiff argues that Judge Ballou "attempt[s] to limit the scope of review to a determination of whether substantial evidence supports the Commissioner's decision." *Id.* at 1 (citing R&R at 2–3). Plaintiff contends that "the Court may review the record to determine whether substantial evidence supports the final Agency decision to deny benefits **and** to assess whether the ALJ applied the correct legal standards." *Id.* (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). And Plaintiff argues that, "[n]otwithstanding" the above, Judge Ballou was incorrect in "conclud[ing] that the ALJ properly considered the supportability and consistency factors in determining the persuasiveness of FNP Swanson's opinion." *Id.* (citing R&R at 8). Plaintiff asserts that Judge Ballou, in making this conclusion, "essentially rubber-stamped the ALJ's fact-finding, and overlooked the clear legal error in the ALJ's analysis of the opinion." *Id.*

Because Plaintiff filed his application in September 2017, 20 C.F.R. §§ 404.1520c governs how the ALJ considered the medical opinions presented in his case.[2] This regulation dictates that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a) (2021). This regulation presents supportability and consistency as the most important factors for an ALJ evaluating the persuasiveness of medical opinions and prior administrative medical findings. *Id.* Supportability, in this context, means "[t]he extent to which a medical source's opinion is supported by relevant objective medical evidence and the source's supporting

---

[2] 20 C.F.R. §§ 404.1520c, 416.920c applies to claims filed on or after March 27, 2017.

5

explanation." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Consistency is "the extent to which the opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). Case law in this Circuit dictates that "[t]he ALJ may explain [her] consideration of the other factors but is only required to do so when contrary medical opinions are equally persuasive in terms of both supportability and consistency." *Mary R. v. Saul*, No. 3:19-cv-903, 2021 WL 388463, at *6 (E.D. Va. Jan. 19, 2021); 20 C.F.R. § 404.1520c(b)(3).

First, Plaintiff asserts that "with respect to the supportability factor, the ALJ wrongly contended that the opinion was not supported by any explanation." Objections at 2 (citing R&R at 8–9). Objecting to the R&R's conclusions about the supportability factor, Plaintiff argues that FNP Swanson provided an explanation supporting his medical opinion related to Plaintiff. The Plaintiff correctly notes that FNP Swanson, in his medical evaluation report of Plaintiff, lists medical conditions Plaintiff has that cause "pain and/or fatigue," including "CHF – short of breath" and "Neuropathy – painful gait and standing." R. 770; Objections at 2. However, this does not change that the ALJ provided explanation related to FNP Swanson's treatment notes for Plaintiff.

The ALJ's explanation supports that FNP Swanson's opinion was not persuasive. The ALJ noted that Mr. Swanson's opinion "is not supported by explanation or contemporaneous treatment records." R. 23. The ALJ detailed that Mr. Swanson's "primary care records from January 2019 document poor sensation to plantar areas for the first time, but the remainder of the exam is within normal limits." *Id.*; *see also* R. 744–46. Further, the ALJ explained that "a visit from September 2018 indicates [Plaintiff] had missed several appointments and was not checking his blood sugar at home." R. 23; *see also* R. 763, 765. The ALJ hence raised facts that

6

show "[t]he extent to which a medical source's opinion is supported by relevant objective medical evidence and the source's supporting explanation." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). As such, the Court thus (1) disagrees with Plaintiff's assertion that the ALJ "wrongly contended that the opinion was not supported by any explanation," Objections at 2, and (2) affirms the R&R as to the supportability factor. R&R at 8–9.

Plaintiff next argues that FNP Swanson's explanations support the consistency factor, and the ALJ committed legal error "in failing to explain how purportedly 'stable' cardiac findings and select benign examination findings depicting normal strength and tone is germane to determining functional limitations resulting from fatigue, pain, and shortness of breath, as opined by FNP Swanson." Objections at 2 (citing R. 23, 770, 771). Plaintiff states that Judge Ballou "simply concluded that the 'ALJ explained that Mr. Swanson's opinion was inconsistent with the overall medical record.'" *Id.* (quoting R&R at 9). Plaintiff contends that neither Judge Ballou nor the ALJ offered "meaningful discussion of how 'stable' cardiac findings and essentially irrelevant examination findings detracted from the persuasiveness of the opinion." *Id.* (citing R&R at 9). Plaintiff asserts that "[t]his lack of explanation is error, as there is no logical bridge between the evidence cited by [Judge Ballou] and his conclusion that the ALJ properly determined that FNP Swanson's opined limitations were inconsistent with the evidence of the record." *Id.* (citing *Arakas*, 983 F.3d at 94 (4th Cir. 2020); *Monroe v. Colvin*, 826, F.3d 176, 190 (4th Cir. 2016)).

But the ALJ provided substantial evidence necessary for the consistency factor. The ALJ explained that Mr. Swanson's opinion did not consistently fit with Plaintiff's overall medical record. R. 23. The ALJ elaborated: "the assessed limitations [from Mr. Swanson] exceed evidence found in other medical records, including cardiology follow-ups documenting stable

7

cardiac findings, no peripheral edema, normal gait, normal strength and tone, and no complaints of dyspnea or shortness of breath." *Id.* She further cited state agency medical consultants' opinions, which she determined were "consistent with [Plaintiff's] stable cardiac condition and obesity." R. 23; *see also* SSR 96–6p, 1996 WL 374180, at *3 ("20 CFR 404.1527(f) and 416.927(f) require [ALJs] . . . to consider [State agency medical consultants'] findings of fact about the nature and severity of an individual's impairment(s) as opinions of nonexamining physicians and psychologists.")

  The ALJ explained that consultative examiner Dr. Woodson proffered a mix of consistent and inconsistent opinions. R. 23. The ALJ deemed Dr. Woodson's opinion "persuasive, as it [was] consistent with the [Plaintiff's] cardiac history and supported by the consultative examination findings," though the "assessed standing and walking limitations [we]re not consistent with the prior administrative medical findings . . . or more recent evidence of stable cardiac findings and exam findings of no peripheral edema, normal gait, and normal strength and tone." R. 23. The ALJ's explanation relates to Dr. Woodson having noted that Plaintiff could, with continued intervention, experience improvement in cardiac and respiratory function to start working again, R. 732. Relatedly, the ALJ noted that evidence after Dr. Woodson's opinion, such as Plaintiff's January 2019 cardiology visit indicating his stable respiratory and cardiac functions, R. 22, was consistent with Dr. Woodson's opinion. It follows that, by indicating consistent medical opinions that differed from FNP Swanson's, the ALJ adequately explained her reasoning for discounting Swanson's opinion, including his opinion that Plaintiff's "pain and/or fatigue would cause inability to focus and stay on task in a work setting for 80% of the day, he would require extra rest breaks, and would be absent an average of 5 days per month." R. 23.

"The ALJ *may* explain [her] consideration of the other factors," but "is only *required* to do so when contrary medical opinions are equally persuasive in terms of both supportability and consistency," and here FNP Swanson's opinion is not equally persuasive to the other opinions discussed. *Mary R.*, 2021 WL 388463, at *6 (emphasis added); 20 C.F.R. § 404.1520c(b)(3).

Further, Plaintiff argues that Judge Ballou's conclusion "that the ALJ did not fail to consider conflicting evidence in his determination," Objections at 3 (citing R&R at 10), "is little more than a post hoc rationalization in an attempt to cure the ALJ's deficiency in articulating how the consistency factor was considered." *Id.* It is true that the Court cannot consider post hoc rationalizations contrary to the findings of the ALJ. *See Cummings v. Colvin*, No. 1:14-CV-465, 2016 WL 792433, at *4 (M.D.N.C. Feb. 26, 2016); *Panna v. Colvin*, No. 1:14-CV-229, 2015 WL 5714403, at *4 (W.D.N.C. Aug. 31, 2015). However, despite Plaintiff's argument to the contrary, Judge Ballou did not engage in post hoc rationalization "in an attempt to cure the ALJ's deficiency in articulating how the consistency factor was considered." Objections at 3. The ALJ identified consistent medical opinions alongside her evaluation of Mr. Swanson's opinion, therein offering "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion" regarding the inconsistency of Mr. Swanson's opinion. *Johnson*, 434 F.3d at 653.

Based on the above discussion, the Court disagrees with Plaintiff's contention that

> the ALJ committed legal error in [her] evaluation of FNP Swanson's opinion by failing to discuss and reconcile the supportive explanation provided for the opinion; failing to explain how select and arguably irrelevant examination findings detracted from the opinion; and failing to identify and reconcile evidence contrary to the opinion in [her] analysis of the opinion.

Objections at 3 (citing Dkt. 20 at 7–13). The ALJ's explanation would be "lacking in the analysis needed for meaningful review" if she simply stated that she reviewed the "'entire longitudinal record,'" *Holcombe v. Saul*, No. 1:19-cv-00054, 2019 WL 5957212, at *5 (W.D.N.C. Nov. 12,

9

2019) (internal reference omitted). Social Security Ruling 96-8p requires the ALJ's decision to "'include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations.'" *Id.* (quoting SSR 96-8p). But the ALJ's narrative states why Mr. Swanson's medical opinion was not persuasive, providing medical record support for the statement that "it is not supported by explanation or by contemporaneous treatment records." R. 23. Thus, the ALJ's analysis does not show legal error.

V.   **Conclusion**

Judge Ballou correctly concluded that the ALJ's findings were supported by substantial evidence, and thus Plaintiff's objection will be overruled for the reasons discussed above. Accordingly, the Court will adopt the R&R in full. Defendant's motion for summary judgment will be granted.

The Clerk of the Court will be directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record and to remove this case from the Court's active docket.

Entered this  30th  day of September, 2022.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE